NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MARIA CONTRERAS-SWEET, in her capacity as Administrator of the United States Small Business Administration,<br><br>Defendant-Appellee. | No.   16-17096<br><br>D.C. No. 3:16-cv-02410-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 13, 2018[**]
San Francisco, California

Before:  HAWKINS and TALLMAN, Circuit Judges, and JACK,[***] District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***] The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

The American Small Business League (the "League") appeals the jurisdictional dismissal of its complaint. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

When a statute does not specifically make agency action reviewable, the Administrative Procedure Act ("APA") limits the right of judicial review to "final" agency action. 5 U.S.C. § 704. To be "final," agency action must be: (1) the "consummation" of the agency's decisionmaking process, not merely a tentative or interlocutory decision; and (2) one by which "rights or obligations have been determined," or from which "legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (citations omitted).

The Small Business Act directs the President to "establish Governmentwide goals for procurement contracts awarded to small business concerns," which "shall be established at not less than 23 percent of the total value of all prime contract awards for each fiscal year." 15 U.S.C. § 644(g)(1)(A), (i). The Act also requires federal agencies to set individual goals, *id.* § 644(g)(2)(A), and directs the Small Business Administration ("SBA") to submit an annual report to the President and Congress explaining whether federal agencies achieved these goals, *id.* § 644(h)(2)(B)–(C). If any agency's goal is not met, the SBA Administrator must include in the SBA's annual report: (1) the reason the goal was not achieved; and (2) "a description of actions planned by the applicable agency to address such failure,

2

including the Administrator's comments and recommendations on the proposed remediation plan." *Id.* § 644(h)(2)(D). Here, the League argues that the SBA's fiscal year 2015 report does not comply with the Act because the SBA represented that agencies met their goals based on miscalculations and, thus, did not include the aforementioned information in its report.

The SBA report is plainly not a final agency action and is therefore not subject to judicial review under the APA. *See Bennett*, 520 U.S. at 177–78. This "purely informational" report is "primarily a tool for [Congress'] own use, without cognizable legal consequences." *Guerrero v. Clinton*, 157 F.3d 1190, 1195, 1197 (9th Cir. 1998); *see also Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012).[1] Although an agency must formulate a remediation plan if it does not reach its goal, 15 U.S.C. § 644(h)(1)(D), there is no statutory obligation to follow the formulated plan. "Having requested the report, Congress, not the judiciary, is in the best position to decide whether it's gotten what it wants." *Guerrero*, 157 F.3d at 1195. The district court thus correctly held it lacked subject matter jurisdiction.

**AFFIRMED**.

---

[1] For the same reason, the League lacks standing. *See Guerrero*, 157 F.3d at 1194–95 ("[T]he relief requested (a better report) cannot make any legal difference that will redress [the alleged] injury[.]").